# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECRETARY OF LABOR MARTIN J. WALSH** *United States Department of Labor*,     *Plaintiff*, | : : : : | CIVIL ACTION |
| v. | : : | |
| **NURSING HOME CARE MANAGEMENT INC., et al.,**     *Defendants.* | : : | NO. 21-cv-02583 |

## O R D E R

**AND NOW**, this **12th** day of **April 2022**, upon consideration of Plaintiff's Motion to Compel Discovery Responses (ECF No. 23) and Defendant's Motion for Protective Order (ECF No. 24), it is hereby **ORDERED** that the Motion to Compel (ECF No. 23) is **DENIED without prejudice IN PART** and **GRANTED IN PART** and the Motion for Protective Order (ECF No. 24) is **GRANTED** as follows:

1. Defendant does not need to produce discovery for the period of November 4, 2018 to the present at this stage of the litigation. Defendant may need to produce it later. Plaintiff asserts that there are ongoing violations of law from November 9, 2015, to the present, and therefore requests discovery beyond the initial investigation period of November 9, 2015 to November 4, 2018. Defendants, however, agree that they continue to follow the practices and policies allegedly causing violations. The practices and policies are admitted, and the only remaining question is whether such conduct is a violation of law, which is a legal issue to be addressed through motions for summary judgment, not whether such conduct continues to the present. Therefore, Defendant must only produce

responsive discovery, including employee time and payroll records, for the period of November 9, 2015 to November 4, 2018.

2. Similarly, Plaintiff requests information and names of employees not listed on Schedule A to determine if such unknown employees may be owed back wages for allegedly unlawful practices and policies. At this time, Plaintiff does not need the names or records associated with unknown employees to fully assert its claim that Defendants engaged in unlawful practices and policies. If the Court determines, as a matter of law, that the employees identified in Schedule A have been damaged pursuant to Defendants' practices, then the Court may order the names of unknown employees to be revealed. At this time, the Defendants do not need to produce the identity, contact information, and records related to employees not listed on Schedule A. Therefore, Plaintiff is only entitled to discovery related to the employees listed on Schedule A.

3. Since Defendants must only produce discovery related to employees listed on Schedule A, Defendants do not need to produce an exhaustive list of employees as requested in Interrogatory No. 1.

4. Plaintiff need only produce payroll records for the period of November 9, 2015 to November 4, 2018 in the format in which those records are ordinarily kept in the course of business. However, if electronic data is available, then it should be delivered in any usable native or electronic format Plaintiff has available.[1]

---

[1] If the payroll system Defendants use does in fact allow Defendants to produce payroll records in native or Excel format and such information already exists in electronic format, as Plaintiff asserts, Defendants should produce the payroll records in that electronic format. ECF No. 23-1 at 17-18.

5. As to Interrogatory No. 8 and Document Request No. 13, Plaintiff admits that Defendants stated they would produce policies and procedures responsive to these requests, with the relevant period being November 9, 2015 to November 4, 2018 and only as to the employees identified on Schedule A. Thus, the Defendants must produce those policies and procedures on or before April 18, 2022 at Noon.

6. As to Interrogatory No. 9 and Document Request No. 16, Plaintiff admits that Defendants agreed to identify employees listed on Schedule A that are exempt from overtime. Thus, the Defendants must produce this information on or before April 18, 2022 at Noon.

7. As to Interrogatory No. 11, Plaintiff argues that Defendants' written response is inadequate or contradictory to its denial of the Request for Admission No. 32. These arguments are suited for summary judgment or trial, not for a motion to compel. Further, Plaintiff is permitted to explore this lengthy line of questioning during depositions. The Court need not compel Defendants to supplement their discovery responses simply because Plaintiff finds them insufficient to develop its assertions of willful violations.

8. As to Interrogatory No. 18 and Document Request No. 23, the period for discovery as of this time, as the Court ordered above, is November 9, 2015 to November 4, 2018. Further, Plaintiff proposed a compromise related to these requests and Defendants have not responded. Thus, the parties are encouraged to come up with a resolution.

9. As to Document Request Nos. 17 and 18, Plaintiff admits that Defendants stated that, if such documents exist, they will produce some documents responsive to

these requests. Plaintiff also admits they are likely to depose a 30(b)(6) witness to testify on related corporate topics. The 30(b)(6) designee(s) must be identified by April 18, 2022 at Noon and produce the documents by that date and time to certify that they do not exist. Defendants must also provide dates upon which the 30(b)(6) designee(s) is available for deposition by April 18, 2022 at Noon.

10. As to Document Request No. 22, the period for discovery, as the Court ordered above, is November 9, 2015 to November 4, 2018. Further, any changes to Defendants' policies or practices are only relevant if in fact Defendants violated the FLSA as a matter of law. Thus, this is denied.

11. Accordingly, the Motion to Compel Discovery is denied without prejudice to refile after the Court's determination on motions for summary judgment as to whether the practice is a violation of law. At that time, Plaintiff may request further discovery for continuing violations if the Court determines in addressing the motions for summary judgment that such allegations are violations as a matter of law.

12. The Motion for Protective Order is granted. Defendants may redact any and all information related to the identities of all employees of Prestige not listed in Schedule A and related to patients. If, upon consideration of motions for summary judgment, the Court determines that Defendants' practices constituted violations as a matter of law, the Court will then consider motions to reveal the redacted information for the issue of damages and the issue as to whether an injunction should be issued.

13. Defendants continue to assert that actions taken after November 4, 2018 are not at issue in this case. If the Court determines that violations occurred as a matter of law through the anticipated motions for summary judgment, post-November 4, 2018 actions are indeed part of the case and a cut off date will be established for some future date. It appears to the Court by Defendants own admission and according to positions taken at the Rule 16 conference, the practice in question continues to the present and that the Secretary is making an unprecedented interpretation of the law by creating a violation for a practice where none existed before.

14. Accordingly, Defendants must submit an affidavit on the record on or before April 18, 2022 confirming that they continue to engage in the alleged violative practice as plead by Plaintiff, and that the practice is legal, contrary to the Secretary's position. If Defendants do not make both admissions, that they engaged in the practice at issue and continue to do so to the present, the Court will reconsider this Order. If Defendants will not make both admissions, it must submit a statement stating so on the record on or before April 18, 2022.

15. Finally, the parties shall submit a joint proposal regarding the timing to finish discovery and briefing schedule for motions for summary judgment and to schedule oral argument on the legal issue of whether the alleged violation as to the Defendants' practices is a violation under the law. Parties are required to confirm to Chambers by email that they have read and understood this Order by **Friday, April 15th at Noon**.

BY THE COURT:

/s/ Chad F. Kenney

---
**CHAD F. KENNEY, JUDGE**