IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECRETARY OF LABOR MARTIN J. WALSH** *United States Department of Labor*, *Plaintiff*, | : : : : | **CIVIL ACTION** |
| v. | : : | |
| **NURSING HOME CARE MANAGEMENT INC.**, et al., *Defendants*. | : : | NO.  21-cv-02583 |

**MEMORANDUM**

**J. Kenney**                                                                                                   **August 24, 2022**

### I.   INTRODUCTION

Before the Court is Nursing Home Care Management Inc. (doing business as Prestige Home Care Agency) and Alexander Dorfman's (collectively "Defendants") Motion to Strike Assertions of Privilege and Compel Production of Withheld Documents and Information against the Department of Labor. ECF No. 46.

### II.   BACKGROUND

On June 7, 2021, the Department of Labor (the "DOL") initiated this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, and for compensation of back wages and liquidated damages for the affected employees. ECF No. 1. The DOL asserts, among other things, that Defendants failed to pay certain employees the statutory minimum for all hours worked, including failure to compensate for travel time, and are liable for unpaid overtime compensation. *Id*. ¶¶ 7-11.

On January 18, 2022, the parties appeared in-person for an initial pretrial conference and the Court set a scheduling order for the remainder of the case. ECF No. 18. The parties filed a

joint motion for extension of time to complete discovery and other deadlines on March 25, 2022, which was granted on April 22, 2022, and extended the close of fact discovery to June 2, 2022. ECF No. 35. The scheduling order was later amended to extend the close of fact discovery to September 30, 2022. ECF No. 39.

On July 15, 2022, Defendants filed this Motion to Strike assertions of the government informant privilege and the deliberative process privilege and to Compel production of documents and information withheld or redacted based on those privileges. ECF No. 46. First, Defendants contend that the DOL failed to meet its procedural requirements in properly invoking its privileges because they must have the head of the department in charge of the matter review the materials, provide precise and certain reasons for asserting the privilege, and identify and describe the documents protected. ECF No. 46 at 10, 18. As to the deliberative process privilege, Defendants identify certain documents and redactions that are not protected, or Defendants are otherwise entitled to due to necessity and fairness. *Id*. at 11-16. As to the government informant privilege, Defendants contend it does not cover certain documents withheld or redacted by the DOL. *Id*. at 19-21. Defendants also contend that employees interviewed by the DOL who did not allege the company violated the law should be disclosed so that Defendants may interview witnesses with favorable information. *Id*. at 22.

On July 29, 2022, the DOL submitted its Response in Opposition to the Motion. ECF No. 48. The DOL contends that Defendants' untimely challenge to the assertions of privilege has waived any dispute. *Id*. at 4. The DOL further contends that it properly invoked each privilege through its attached Declaration and had no formal obligation to follow the procedural requirements argued by Defendants until its privileges were challenged. *Id.* at 5-6. The DOL attached to its Response a Declaration from Principal Deputy Administrator of the Wage and

Hour Division, Jessica Looman, in support of the agency's formal claim of privilege. ECF No. 48-1. The Declaration indicated Ms. Looman's authorization to make the Declaration and cites justifications for the DOL's assertions of privilege. *Id.* The DOL further contends that the requested information and documents are protected by privilege *Id.* at 7-11, 14-16. Regardless, the DOL contends that Defendants fail to show the information sought is either relevant or necessary for fairness to justify disclosure. *Id.* at 12-14, 17-21.

Defendants reiterate in their Reply that the DOL's assertions of privilege remain "procedurally deficient" and Defendants need for this information outweighs the DOL's interest in non-disclosure. ECF No. 49 at 6, 8, 11-15, 16-19.[1] Defendants also assert that their challenge is timely. *Id.* at 7. The DOL's Sur-reply reiterates that the assertions of privilege are properly invoked and distinguishes Defendants' cited cases from the circumstances in this case. ECF No. 53 at 3-5.

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 allows a party to move to compel discovery responses, including production of documents. Fed. R. Civ. P. 37(a). "The scope of discovery is broad, but it is not unlimited." *MDAdvantage Ins. Co. of New Jersey v. Hasiuk*, 2018 WL 3328049, at *1 (E.D. Pa. July 6, 2018). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment." *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011); *see also Brown v. Camp Hill*, 2017 WL 3868501, at *1 (M.D. Pa. Sept. 5, 2017) (citing *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003)) ("The scope and conduct

---

[1] In their Motion to Compel, Defendants separate their arguments by requested material. In their Reply, Defendants summarize arguments to apply to all requested materials. The Court will consider these arguments for each requested material but will not repeat itself.

of discovery are within the sound discretion of the trial court."). "[V]alid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues." *McConnell*, 280 F.R.D. at 192.

## IV. DISCUSSION

### A. Timeliness of Objections

The DOL raises the issue of timeliness in its opposition to Defendants' Motion, contending that these objections were not raised within a reasonable amount of time. ECF No. 48 at 4. The DOL alleges that the privilege log and related documents were produced in January, yet Defendants waited until the end of June to notify the agency of any objections to these privilege claims. *Id*. Due to this lengthy delay, the DOL contends that Defendants have waived their challenge to privilege. *Id*. Defendants contend that this issue was raised months prior to the close of discovery and the DOL has not made any claim of prejudice for this accusation of delay. ECF No. 49 at 7.

The Court has discretion to determine whether an objection to document production or assertion of privilege has been made within a reasonable amount of time. The Government overstates the legal support for its assertion that Defendants' objections have been waived. In *Ford Motor Company v. Edgewood Properties, Inc.*, the District of New Jersey found that it was unreasonable to wait eight months to object to the method of document production, i.e., ESI production, particularly where document production was complete, and the request would unreasonably burden a party with re-producing their entire production. 257 F.R.D. 418, 426 (D.N.J. 2009) ("The Court is not dictating a rigid formulation as to when a party must object to a document production."). The other case cited is also dissimilar from the circumstances here. *See*

*Michaels v. Rutgers Univ.*, 2017 WL 4536115, at *3 (D.N.J. Oct. 11, 2017) (finding lengthy list of discovery disputes raised *after* the discovery end date were untimely and waived).

The cases cited have no mention of privilege. They are also distinguishable as to the burden of compelling re-production and timeliness. Here, Defendants target categories of documents, and frequently specify what redacted information must be produced in full. Defendants also waited approximately five months to raise the issue of privilege, and, at the time, there was more than three months remaining before the deadline for fact discovery. Therefore, the Court does not find these objections waived due to untimeliness.

### B.  Properly Invoked Privileges

Defendants assert that the DOL failed to properly invoke its privileges because they did not issue a formal claim of privilege from the head of the department managing this matter, after a personal review by that individual. ECF No. 46-2 at 10, 18. Defendants quote from numerous cases with variations of similar language supporting that procedural requirement. *Id*. at 18. Defendants assert that the privileges should have been expressly invoked at the time the information was withheld. ECF No. 49 at 8-10. The DOL contends that they had no requirement to formally invoke the privileges until after Defendants challenged it. ECF No. 48 at 5. Since the Principal Deputy Administrator of the Wage and Hour Division responded to Defendants' Motion by personally reviewing the information and formally invoking the privilege by Declaration, the DOL contends that it has met its procedural requirements for the assertions of privilege. *Id*.

The appropriate method for the government invoking privilege was set forth in *United States v. Reynolds,* 345 U.S. 1, 7–8 (1953), where the Supreme Court said: "There must be a formal claim of privilege, lodged by the head of the department which has control over the

matter, after actual personal consideration by that officer. The court itself must determine whether the circumstances are appropriate for a claim of privilege [...]". There are numerous cases where courts found that the procedural requirements to formally invoke privilege were met when the invocation occurred after a motion to compel was filed. *See e.g.*, *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (finding no obligation for government to "formally invoke its privileges in advance of the motion to compel."); *Chao v. Raceway Petroleum, Inc.*, 2008 WL 2064354, at *5 (D.N.J. May 14, 2008) (finding that while the Third Circuit "has not issued a clear directive on *when* the privilege should be invoked[,]" the Supreme Court found the privilege was properly invoked in response to a motion to compel); *Perez v. Am. Future Sys., Inc.*, 2013 WL 5728674, at *3 (E.D. Pa. Oct. 21, 2013) ("[C]ourts tend to not use rigid timeframes for the timing of a claim of privilege"); *Walsh v. Elder Res. Mgmt., Inc.*, 2022 WL 280947, at *10 (W.D. Pa. Jan. 31, 2022), *reconsideration denied,* 2022 WL 572025 (W.D. Pa. Feb. 23, 2022) (finding the DOL properly invoked the government informant privilege by submitting a declaration from the Acting Administrator of the Wage and Hour Division in response to a motion to compel).

      Here, the DOL asserted the protections of privilege in January when it redacted and withheld certain documents and provided a privilege log cataloguing those documents. The DOL did not have an obligation to formally invoke its privileges in advance of the motion to compel. Defendants were made aware of the assertions of privilege and later chose to challenge those assertions through a motion to compel. At that time, the DOL properly fulfilled its procedural requirements to formally invoke the privileges and did so sufficiently.[2]

---

[2] The Court notes that both parties raise issues of timeliness. While both the challenge to these claims of privilege and the formal invocation of privilege could have been raised months ago, neither party chose to pursue this issue until now. Delays like this, though bothersome to the Court for unnecessarily slowing the progress of discovery, do not waive any of the claims being made in this Motion to Compel or in the Response.

### C. Government Informant Privilege

The government informant privilege[3] is crucial to "encourag[e] citizens to report illegal activity." *Perez v. Am. Future Sys., Inc.*, 2013 WL 5728674, at *2 (E.D. Pa. Oct. 21, 2013) (citation omitted). "The privilege for communications by informers to the government is well established and its soundness cannot be questioned." *Mitchell v. Roma,* 265 F.2d 633, 635 (3d Cir. 1959). "Further, [o]ne of the most common applications of the privilege in civil cases is in cases arising under the FLSA and in these cases courts have generally refused disclosure." *Perez*, 2013 WL 5728674, at *2 (citation omitted). "The informer's privilege is deeply entrenched in FLSA jurisprudence in this Circuit." *Id*. (collecting cases). "[T]he overwhelming majority of courts presented with the assertion of the privilege in FLSA cases have granted it, particularly during the discovery stage." *Id*. at *3.

This privilege, however, is not absolute. *Id*. "The court must weigh the public's interest in protecting both the flow of information and the safety of the informer against the defendant's right to prepare a defense." *Sec'y of Lab. v. Superior Care Inc.*, 107 F.R.D. 395, 397 (E.D.N.Y. 1985). "[T]he Third Circuit has instructed that 'the question [to be asked by the district court is] ... whether the disclosure sought by the defendants is essential to assure a fair determination of the issues, with due regard being given to the defendants' right to prepare their defense properly[.]' " *Chao v. Raceway Petroleum, Inc.*, 2008 WL 2064354, at *4 (D.N.J. May 14, 2008) (quoting *Mitchell*, 265 F.2d at 636). "The defendant bears the burden of establishing that his or her need for disclosure is greater than the purpose behind the privilege." *Id*. at *3. "A defendant's claim that it cannot adequately prepare for trial without piercing the informer's privilege is often

---

[3] Courts refer to this privilege as either the "informer's privilege" or the "informant's privilege."

7

made and often denied in the FLSA context." *Perez v. Am. Future Sys., Inc.*, 2013 WL 5728674, at *4 (E.D. Pa. Oct. 21, 2013).

Here, Defendants seek two letters sent by the DOL to informants in the fall of 2018. ECF No. 46-2 at 19. Defendants also seek disclosure of the names of Prestige employees that were interviewed by the DOL and allegedly confirmed that they had been paid properly, which Defendants claim is not covered by the government informant privilege because these employees did not provide information regarding violations of law. *Id*. These employees, according to Defendants, have information favorable to Defendants and the balance of interests weighs in favor of disclosure. *Id*. The DOL contends that Defendants do not explain how this information is relevant or necessary for its defense. ECF No. 48 at 12. The DOL further asserts that the key issues in the case – whether Defendants' pay practices are lawful, the amount of damages, and whether liquidated damages are appropriate – can all be addressed using facts and information within Defendants' possession. *Id*. Finally, the DOL asserts that the requested information is covered by the government informant privilege and should be protected. *Id*. at 14-16.

The Court finds that the letter correspondence between the government and its informants and the identities of the interviewed employees are protected by the government informant privilege. One purpose behind this privilege is that it "affords DOL a better chance of candid dialog." *Perez v. Guardian Roofing LLC*, 2016 WL 1408027, at *2 (W.D. Wash. Apr. 11, 2016) (citation and quotation marks omitted). To reveal informant identities simply because their communications do not mirror the DOL's allegations runs afoul of the purpose of the privilege. To reveal correspondence that may indicate who an informant is also betrays the purpose of the privilege.

8

When weighing the public interest in open communication from potential informants and Defendants' ability to obtain similar information from sources within their possession, the informants' names and correspondence should not be disclosed. The issues central to this litigation rely upon Defendants' own documents and records. *Chao*, 2008 WL 2064354, at *4. Defendants are in a position, not only to review their own documents, but also to interview, depose, or seek declarations from their own employees as witnesses. *Id*. ("[T]he knowledge sought from [defendant's] current and former employees—whether or not they worked overtime hours for which they were not compensated—is just as much within the knowledge of [defendant] as it is within the knowledge of the [] workers.") (quotation marks omitted). There is no justification provided that these particular Prestige employees interviewed by the government are essential to Defendants' claims or defenses. If the unstated justification is efficiency, that is inadequate to mandate disclosure of informants' identities. *Id*. ("a claim of efficiency on its own is not weighty enough to overcome the public policy against disclosure.") (citation and quotation marks omitted).

While it is admirable that Defendants insist there is no risk of retaliation because the informants do not allege violations of law, it is insufficient for the company being investigated to promise not to retaliate against those who complied with the government's request for information, even if the substance of the information provided is not explicitly beneficial to the government's position. There is also no burden on the government to prove retaliation is likely or possible so this assurance from Defendants is not pertinent to the Court's evaluation of the government informant privilege.

Regardless, "Defendants give no compelling reasons that their circumstances are different than the significant body of case law that declines to lift the privilege during the

discovery stage." *Perez v. Am. Future Sys., Inc.*, 2013 WL 5728674, at *6 (E.D. Pa. Oct. 21, 2013). It is premature to disclose information about or surrounding the employees interviewed by the government as part of its investigation and lawsuit against Defendants. There are no special circumstances in this case that would require disclosure of informants' identities or correspondence months before summary judgment and trial. There is no need for the DOL to urgently disclose the names of employees interviewed as part of its investigation. Defendants assert with no support whatsoever that the "interests of justice" require the Court to "immediately disclose" the names. ECF No. 46-2 at 22. Yet the Third Circuit promotes a more patient approach, in which names of employees are disclosed only at the stage of litigation where it is necessary. *See Acosta v. Fairmount Foundry, Inc.*, 2019 WL 196543, at *3 (E.D. Pa. Jan. 14, 2019) ("[T]here is no need for disclosing the informer employees' names at this stage. [Defendant] has not met its burden of establishing its need for disclosure is greater than the purpose behind the privilege at this pretrial stage.").

Even the cases cited by Defendants support a delayed disclosure, if any, of these identities. *See e.g.*, *Walsh v. Elder Res. Mgmt., Inc.*, 2022 WL 280947, at *10 (W.D. Pa. Jan. 31, 2022), *reconsideration denied,* 2022 WL 572025 (W.D. Pa. Feb. 23, 2022) ("Cases about invocation of the government informant privilege in the FLSA context frequently distinguish between the discovery stage and the trial stage, and defendants' interests in disclosure strengthen as the case approaches trial."); *Perez v. Am. Future Sys., Inc.*, 2013 WL 5728674, at *1 (E.D. Pa. Oct. 21, 2013) (denying defendants' motion because identities were protected by informant's privilege and it would be premature to dictate testifying employee witnesses at discovery stage); *Perez v. Guardian Roofing LLC*, 2016 WL 1408027, at *3 (W.D. Wash. Apr. 11, 2016) (finding it sufficient to disclose the identities of the employee-informants the DOL intends to use for trial

approximately 10 days before trial and stating "the Court cannot find [defendant's] right to a fundamentally fair trial is compromised by the delay in releasing employee-informant identities[.]"). Therefore, Defendants have not met their burden of proving that the disclosure of the names of the Prestige employees interviewed by the DOL or correspondence with informants is necessary in the preparation of their defense or to ensure fundamental fairness.

### D. Deliberative Process Privilege

"The deliberative process privilege permits the government to withhold documents containing 'confidential deliberation of law or policy-making, reflecting opinions, recommendations or advice.' " *Redland Soccer Club v. Dept. of Army,* 55 F.3d 827, 853 (3d Cir.), *cert. denied,* 516 U.S. 1071 (1996) (quoting *In re Grand Jury,* 821 F.2d 946, 959 (3d Cir.1987), *cert. denied,* 484 U.S. 1025 (1988)). "Manifestly, the ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions." *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975) ("The quality of a particular agency decision will clearly be affected by the communications received by the decisionmaker on the subject of the decision prior to the time the decision is made.").

The privilege is qualified not absolute. *See Scott Paper Co. v. United States*, 943 F. Supp. 489, 496 (E.D. Pa.), *aff'd,* 943 F. Supp. 501 (E.D. Pa. 1996). The deliberative process privilege protects information that is deliberative, i.e., related to the decision-making process, and predecisional. *Abdelfattah v. United States Dep't of Homeland Sec.,* 488 F.3d 178, 183 (3d Cir. 2007).

The Court conducts a two-step review: "First, the court must decide whether the communications are in fact privileged. The government has the burden of showing privilege at this first step." *Scott Paper Co.*, 943 F. Supp. at 496. "Because the privilege does not protect all

communications made by government officials, the court must initially determine whether the material the government seeks to protect comprises part of a process by which a government agency formed a decision or policy." *Delaware Riverkeeper Network v. Delaware River Basin Comm'n*, 300 F.R.D. 207, 211 (D.N.J. 2014).

"Second, the court must balance the parties' interests. At this second step, the party seeking discovery bears the burden of showing that its need for the documents outweighs the government's interests." *Scott Paper Co.*, 943 F. Supp. at 496. (citation omitted). "Other factors to consider are: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id*. (citing *Redland Soccer Club,* 55 F.3d at 854).

After conducting this balancing test, the Court determines the application of the privilege, not the agency. *Chisler v. Johnston*, 796 F. Supp. 2d 632, 640 (W.D. Pa. 2011).

1. <u>WHISARD Case Summary – DOL000422</u>

Defendants claim that portions of this document prepared by Investigator Vannhi LaVanture[4] were redacted for "no discernable reason." ECF No. 46-2 at 12. Defendants assert that they need this information to properly depose Investigator LaVanture. *Id*. at 16. Defendants add that the "evidence sought is relevant to Defendants' ability to challenge the DOL's legal basis for its claims and the accuracy of its damages estimate." ECF No. 49 at 15. The DOL contends that this is an internal form used by the agency during investigations and is created both

---

[4] The DOL mentions that Investigator Vannhi Tran is now Vannhi LaVanture. ECF No. 48 at 9. For the sake of clarity, this Memorandum will refer to this individual as Investigator LaVanture and instructs all parties to use the last name LaVanture moving forward.

at the outset of the investigation and as part of the decision-making process. ECF No. 48 at 11. The DOL also contends that some of this information is protected by the government informant privilege. *Id.*

The Court is satisfied by the representations made in the Principal Deputy Administrator for the Wage and Hour Division's Declaration that the redacted portions contain pre-decisional opinions, deliberations, and/or recommendations prepared by Investigator LaVanture and submitted to supervisors and attorneys as part of the process of the decision-making. ECF No. 48-1. Without any identified, specific need for the WHISARD Case Registration form, it is unclear to the Court why the redacted information in this document is necessary for Defendants to prepare their claims and defenses in this case. Even so, Defendants have all the underlying factual information necessary to determine both the legality of their pay practices and possible damages within their possession. It is surprising that Defendants claim this information is "not available from any other source." ECF No. 49 at 15. Defendants' pay practice is relatively straightforward and Defendants are in position to review and evaluate their own employee pay records. The protection of this privilege (and the government informant privilege) and the possibility that disclosing an internal investigatory document begun at the outset of an investigation could affect how an agency conducts itself internally during the pre-decisional stage of a matter greatly outweighs the potential relevance of this document to Defendants.[5]

---

[5] Defendants contend for the first time in their Reply that the DOL's interests could be protected by protective order. ECF No. 49 at 15. Defendants could have suggested this in the Motion but chose not to raise it until the Reply. The Court does not find a protective order sufficient to protect the DOL's interests in non-disclosure, nor does it find these materials to be necessary or the underlying factual information unavailable elsewhere and thus has no reason to order disclosure and a protective order.

2. <u>Case Diary Entries – DOL000002-21</u>

Defendants claim that the diary entries from Investigator LaVanture and other DOL agents contain redacted facts that are relevant to this case and have no basis for privilege. ECF No. 46-2 at 12. Defendants assert that they need this information to properly depose Investigator LaVanture. *Id*. at 16. The DOL contends that these entries are like attorney time records for the employees conducting the investigation and contain information that reveals the methodologies and deliberations of the investigation. ECF No. 48 at 10. Furthermore, the DOL asserts that all documents within the investigator's possession were produced. *Id*. at 11.

Investigator LaVanture's opinions, recommendations, and observations from the investigation, as well as the methodology of the investigation, are all protected by the deliberative process privilege. In addition, the information Investigator LaVanture possessed as part of the investigation was produced to Defendants. While the factual information underlying the investigation is not protected, the DOL has already produced such information to Defendants. There is no justification given for why the notes made by Investigator LaVanture in the Case Diary Entries are somehow more relevant or more necessary than the underlying documents that are currently available to Defendants to prove their pay practices are lawful or to calculate damages.

3. <u>Documents Withheld Entirely</u>

Defendants claim that certain withheld documents may have factual material that is severable but they cannot make an adequate challenge as the DOL has not provided precise and certain reasons for asserting the privilege. ECF No. 46-2 at 13.

As the Court is satisfied that the DOL properly invoked both the government informant privilege and the deliberative process privilege, the burden rests on Defendants to assert that this

material is essential to fundamental fairness. Defendants make no attempt to identify how this information is relevant, necessary or otherwise should be produced. Without any reasons presented to outweigh the privilege, the Court will not order these documents be produced.

### 4. The FLSA Narrative – DOL000075-83

Defendants claim that the FLSA narrative was not pre-decisional and thus redacted information within the Narrative should be produced. ECF No. 46-2 at 14. Defendants assert that they need this information to properly depose Investigator LaVanture. *Id*. at 16. The DOL describes this document as including Investigator LaVanture's fact summaries from the investigation, as well as the investigator's impressions, recommendations, and pre-decisional opinions about Defendants' procedures. ECF No. 48 at 9. The DOL asserts that it has produced all factual information in the Narrative, apart from identities of informants and facts that are intertwined with deliberative material. *Id*.

A document is pre-decisional if it "concern[s] an anticipated agency decision and ha[s] been generated prior to the actual decision being reached[.]" *Delaware Riverkeeper Network v. Delaware River Basin Comm'n*, 300 F.R.D. 207, 211 (D.N.J. 2014) (quoting *United States v. Pechiney Plastics Packaging, Inc.,* 2013 WL 1163514, at *13 (D.N.J. March 19, 2013)). Agency investigator reports are well-within the scope of the privilege, even if the investigator's impressions or opinions include fact application. *See Acosta v. Fairmount Foundry, Inc.*, 2019 WL 196543, at *4 (E.D. Pa. Jan. 14, 2019). The Court is satisfied by the representations made in the Principal Deputy Administrator for the Wage and Hour Division's Declaration that the redacted portions contain pre-decisional opinions, deliberations, and recommendations prepared by Investigator LaVanture and submitted to supervisors and attorneys as part of the process of decision-making. ECF No. 48-1.

Having satisfied the first step of the Court's review, the burden shifts to Defendants to show how this information is necessary for fairness. Defendants do not explain how this evidence is relevant to the defense of their pay practices or in calculating damages. Presumably, most, if not all, documents reviewed by the investigator would have been obtained from Defendants and, therefore, are available elsewhere. The DOL has also produced portions of the FLSA Narrative and only redacted sections that include pre-decisional observations and facts that could not be severed from the protected material. The other factors are neutral, if not leaning towards maintaining the privilege. Thus, the Court will maintain the redactions on the FLSA Narrative.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Compel is denied.

        **BY THE COURT:**

        /s/ Chad F. Kenney
        _____
        **CHAD F. KENNEY, JUDGE**