IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU[1],<br>ACTING SECRETARY OF LABOR<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>NURSING HOME CARE MANAGEMENT INC.<br>d/b/a PRESTIGE HOME CARE AGENCY,<br>AND ALEXANDER DORFMAN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-2583-CFK<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**

Plaintiff, Secretary of Labor, respectfully requests the Court deny Defendants' Motion to Stay Execution of Judgment pending appeal and deny their request for approval to post a supersedeas bond for less than the $7,076,721.44 judgment entered in favor of Plaintiff. Defendants have failed to make a showing of good cause for why the Court should approve a supersedeas bond for less than the full judgment amount.

Specifically, Defendants have moved this Court to enter a Stay of Execution of Judgment pending post-trial motions and appeals. Fed. R. Civ. P. 62(b), Stay by Bond or Other Security. In their request for a stay, Defendants seek approval of the Court to post supersedeas bond equal to only one half of the $7,076,721.44 judgment. There is no reason to "secure" only the back wages, as Defendants seemingly concede must happen, but not the liquidated damages. Most notably, the affected employees are just as entitled to the liquidated damages as they are to the

---

[1] Ms. Su is hereby substituted as Plaintiff in this matter. *See* Fed. R. Civ. P. 25(d).

back wages; both are necessary to provide full relief for Defendants' FLSA violations.  This is because the liquidated damages are not a "penalty" but compensatory in nature; they are necessary to compensate the employees for the time they have gone without the back wages to which they were entitled.  There is no legal basis for treating these amounts differently for the purposes of a supersedeas bond, and Defendants do not offer one.

Notably, Defendants do not seek a stay of the injunctive relief ordered by the Court in its Judgment (ECF No. 124), as they offer no argument in support of staying the injunction. Defendants have filed a motion to modify or alter the judgment granting injunctive relief (ECF No. 128), which Plaintiff has filed a response in opposition (ECF No. 132).

## I. Procedural History

Plaintiff filed her Complaint on June 7, 2021, seeking to recover back wages and liquidated damages and to obtain injunctive relief on behalf of current and former employees of Prestige Home Care Agency.  Prestige failed to pay them the overtime required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. ECF No. 1.  Defendants moved to dismiss the case on October 25, 2021.  ECF No. 7.  Defendants' motion was denied by the Court. ECF No. 8. Plaintiff filed a Motion for Summary Judgment on January 5, 2023.  ECF No. 86, 86-2. Defendants filed a Motion for Partial Summary Judgment on January 5, 2023.  ECF No. 88, 88-2. Defendants filed an Opposition to Plaintiff's Motion for Summary Judgment. ECF No. 90. Plaintiff filed an Opposition to Defendants Partial Motion for Summary Judgment. ECF No. 93. Defendants filed a Reply to Plaintiff's Opposition (ECF No. 90). ECF No. 98.  Defendants filed a Reply in Support of their Motion for Partial Summary Judgment. ECF No. 103.

On May 12, 2023, this Court granted Plaintiff's Motion for Summary Judgment (ECF No. 86) in full and denied Defendant's Motion (ECF No. 88) for Partial Summary Judgment.

ECF No. 124, 125.  The Court's final Judgment was issued on May 12, 2023, awarding, *inter alia,* a monetary judgment of back wages and liquidated damages in favor of the Plaintiff in the amount of  $7,076,721.44. ECF No. 124.

## II.     Legal Standard

Federal Rule of Civil Procedure 62(b) provides, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."  The stay is subject to court approval of a bond and remains in effect for a time specified in the bond. Fed. R. Civ. P. 62(b). Typically, the security should cover the judgment in full, plus costs and interest. *State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Spec., Inc.,* 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022) *citing Richardson* v. *Prison Transport Services of America*, No. 3:15-CV-01061, 2019 WL 1003624, at *2 (M.D. Pa. Feb. 27, 2019) (internal citations omitted).

The burden is on the Defendants to show good cause why the Court should deviate from the rule requiring the provision of a bond or other security to be provided in the full amount of the judgment to stay the execution of judgment pending appeal. *See AMG Nat. Trust Bank v. Ries*, No. CIV.A. 06-CV-4337, 2008 WL 2312352, at *1, (E.D. Pa. June 4, 2008) (unreported); Fed. R. Civ. P. 62(b).

## III.    Argument

In seeking a reduction in the amount of security to secure a stay of enforcement of the judgment, the Defendants argue that the bond should be limited to the back wage portion of the judgment.  Defendants' implication is that the liquidated damages the Court awarded are some sort of "bonus" for the affected employees.  This view of liquidated damages has zero support in the statute or case law, and Defendants have offered absolutely no legal support for their proposition that there is no needed to secure the liquidated damages portion of the judgment.

Liquidated damages are not punitive, but compensatory: they "compensate employees for losses they might suffer by reason of not receiving their lawful wage at the time it was due." *Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 907 (3d Cir. 1991) (quoting *Brunner*, 668 F.2d 748 at 753). Defendants have failed to make a good cause showing entitling Defendants to post a bond for half of the judgment awarded to Plaintiff in this matter. *See* ECF No. 131 (Order of good cause shown). A supersedeas bond "must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." *Cashman Equip. Corp. v. U.S. Fire Ins. Co.,* No. CIV.A. 06–3259, 2008 WL 5000355, at *3 (E.D. Pa. Nov. 21, 2008) (quoting *Pharmacia Corp. v. Motor Carrier Servs. Corp.*, No. CIV. 04-3724 (GEB), 2008 U.S. Dist. LEXIS 2510 at *10, 2008 WL 852255 at *4 (internal citation omitted)).

In *Dillon v. City of Chicago,* 866 F.2d 902 (7th Cir. 1988) the Seventh Circuit considered the following factors in deciding to grant a stay of execution pending appeal without the necessity of posting a supersedeas bond. Those factors include: (1) the complexity of the collection process; (2) the amount of time required to obtain judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of the funds to pay judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would waste time and money; and (5) whether the defendant is in such a precarious financial position that the requirement to post bond would harm other creditors of the defendant. *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008) (unreported) *citing, Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988) (where appealing party proved that payment upon loss of appeal would be made within thirty days from guaranteed source, court's decision to waive bond upheld)*; see also, Tomasko v. Ira H. Weinstock, P.C.,* No. 3:98-CV-1978, 2009 WL 613590, at * 3 (M.D. Pa. Mar. 6, 2009) (weighing *Dillon* factors, finding

Defendants failed to meet their burden to show circumstances warranted a waiver of supersedeas bond).

In support of the *Dillon* factors, Defendants assert that there would be "little complexity to the collection process", "amount of time to obtain the affirmed judgment on appeal "is minimal" and the posting of a bond "may place undue stress" on Defendants' business. ECF No. 192-2 at 6. The baseless and unsupported statements do little to provide the Court with sufficient reason to grant the relief in which they seek. They have failed to put forth evidence that the collection of the judgment would not be complex nor that obtaining a judgment on appeal would be timely. Furthermore, Defendants fail to discuss the *Dillon* factors with any depth and merely make conclusory statements related to the first three (3) factors. Their conclusory statements and lack of evidence to support the same are insufficient to balance the scale in favor of Defendants. *See Ortega v. Chicago Board of Education,* No. 11-CV-8477, 2018 WL 278721, at *7 (N.D. Ill. Jan. 3, 2018) (denying request to waive bond when, *inter alia,* board failed to offer any argument or legal authority on *Dillon* factors other than ability to pay); *see also, Evergreen Cmty. Power LLC v. Riggs Distler & Co.,* No. CIV.A. 10-728, 2012 WL 2974891 (E.D. Pa. July 19, 2012) (unreported) (denying wavier of supersedeas bond pending appeal where party has failed to meet the *Dillon* factors).

Although Defendants cite in their briefing that a judgment debtor may seek waiver of the bond from the Court, they have failed to show why they are entitled to a reduction in the posting of a supersedes bond. *See, State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Spec., Inc.,* 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022) (holding that debtor's offer to post irrevocable letter of credit in amount set by court with a term of two years did not entitle debtor to stay pending appeal). Next, in support of their motion, Defendants cite *Church & Dwight Co.*

*v. Abbott Labs.,* where the district court denied judgment debtor's request for a waiver of supersedeas bond where the judgement debtor failed to satisfy all five *Dillon* factors, failing to demonstrate that it was entitled to waiver of the bond requirement. *Church & Dwight Co. v. Abbott Lab'ys*, No. CIV 05-2142 GEBLHG, 2009 WL 2230941, at *16 (D.N.J. July 23, 2009) (unreported). Instead, the *Church* court, after considering the judgment debtor's ability to pay, found judgment debtor's financial security demonstrated its lack of financial hardship in posting full security. *Id.* Similarly, Defendants have failed to satisfy the *Dillon* factors that they ask this Court to adopt and apply here.

Alternatively, over Plaintiff's objections, should the Court find in exercising its discretion that a reduced supersedeas bond to secure a stay of execution of judgment is warranted, or if Defendants post a full supersedeas bond to trigger an automatic stay, Plaintiff respectfully requests the Court to add terms to the bond to include post judgment interest from the date of entry of judgment until the judgment is paid, plus costs. Interest shall be allowed on any money judgment in a civil case recovered in a district court. 28 U.S.C.A. § 1961(a). Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. *Id.* The Court has discretion to establish conditions for the security of the adverse party during the pendency of the stay and may require the bond to include costs and damages for delay. *See* Fed. R. Civ. P. 62, *Author's Commentary*, Baicker-McKee, Janssen, Corr, Federal Rules Handbook, 26th Ed. (2019), at p. 1238.

In sum, the Defendants have failed to show good cause why the Court should grant the relief requested and permit the Defendants to post a reduced supersedeas bond in an amount

equal to one half of the judgment entered in favor of the Plaintiff to secure a stay of execution of judgment.

### IV. Conclusion

Wherefore, Plaintiff respectfully requests this Court deny Defendant's motion.

                                            Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103<br>(215) 861-5037 (voice)<br>(215) 861-5162 (fax)<br>mckenna.sharon.h@dol.gov | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>*/s/ Sharon H. McKenna*<br>Sharon H. McKenna<br>Trial Attorney |
| Date: June 16, 2023 | Attorneys for Plaintiff |