THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>NURSING HOME CARE MANAGEMENT INC. d/b/a PRESTIGE HOME CARE AGENCY and ALEXANDER DORFMAN,<br><br>Defendants. | Civil Action No. 2:21-cv-02583-CFK<br><br>Hon. Chad F. Kenney, U.S.D.J. |

**DEFENDANTS' REPLY
IN SUPPORT THEIR MOTION TO STAY EXECUTION
OF THE JUDGMENT PENDING APPEAL**

**FOX ROTHSCHILD LLP**
Brett A. Berman
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: (215) 299-2000
Fax: (215) 299-2150
bberman@foxrothschild.com

Colin D. Dougherty
Samuel A. Haaz
980 Jolly Road
Suite 110
Phone: (610) 397-6500
Fax: (610) 397-0450
cdougherty@foxrothschild.com
shaaz@foxrothschild.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. REPLY ARGUMENT ..................................................................................................... 1

III. CONCLUSION ............................................................................................................... 3

146848117.4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Martin v. Cooper Elec. Supply Co.*,
    940 F.2d 896 (3d Cir. 1991) ............................................................................................... 2

*State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Spec., Inc.*,
    586 F. Supp. 3d 328 (E.D. Pa. 2022) ................................................................................. 1

**Statutes**

28 U.S.C. § 216(b) ......................................................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 59(e) ...................................................................................................................... 2

Fed. R. Civ. P. 62 .......................................................................................................................... 1

146848117.4

Defendants Nursing Home Care Management Inc. d/b/a Prestige Home Care Agency ("Prestige HCA") and Alexander Dorfman ("Dorfman," collectively "Prestige" or "Defendants"), by and through their undersigned counsel, hereby submit this Reply in support of their motion requesting the Court stay execution of the judgment pending appeal and set a reduced supersedes bond amount.

**I.      INTRODUCTION**

In the DOL's effort to make this matter and appeal as difficult as possible on Defendants, the DOL opposes a supersedes bond amount of the alleged back wages owed totaling $3,538,360.72.  Nonetheless, Defendants submit that good cause exists for the Court to require a bond in the amount of the back wages only, and not liquidated damages amount based upon Dorfman's alleged "willful" violation of the FLSA for which the summary judgment record does not support.  Requiring Defendants to post $3,538,360.72 remains a substantial sum that falls short of being so punitive and unjust on a litigant who is simply exercising their appeal rights. While posting this amount will gravely impact Defendants' business operations, it will at least not be so overly prejudicial to materially alter Defendants' appeal or Defendants' ability to maintain current staffing levels. These reasons along with the complexity and lack of binding legal authority on the critical issues in this case, as well as the absence of a trial, the absence of a hearing on experts or damages, also support good cause in ordering a bond of $3,538,360.72.

**II.     REPLY ARGUMENT**

Defendants' motion for a stay of execution and request for the Court to require a supersedeas bond of $3,538,360.72 pending the outcome of the appeal is made under Federal Rule of Civil Procedure 62. Rule 62 and its progeny provides this Court with the discretion to stay this matter pending the appeal and to require a bond amount that is satisfactory to the Court. Fed. R. Civ. P. 62; *State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Spec., Inc.*, 586 F. Supp.

1

3d 328, 330-31 (E.D. Pa. 2022) (Robreno, J.). Good cause exists for the Court to require a bond amount of $3,538,360.72, which is the full amount of actual back wages ordered due before the doubling of damages under 28 U.S.C. § 216(b).

In their Opposition, the DOL argues that the alleged willful portion of damages should be included in Defendants' bond requirement for no reason other than Defendants alleged lack of good cause shown for a reduced bond. The doubling of damages under 28 U.S.C. § 216(b) is not *intended* to be a penalty on the remitter but its purpose is to "compensate employees for losses they might suffer by reason of not receiving their lawful wage at the time it was due." *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991) (citation omitted). Here, however, even if Defendants were to post a bond of the *seven-million-dollar* amount the purpose of the liquidated damages clause would not be achieved. Not a single dollar from the bond will go to any employee during the pendency of the appeal and, if affirmed, the judgment against Defendants will remain unchanged. Thus, the DOL's demand to include the willful amount is not in line with the purpose of the FLSA, but rather shows the DOL's attempt to use their present position to discourage the lawful exercise of Defendants' appeal rights by forcing Defendants to choose between taking an appeal or continuing to operate their business during the pendency of such an appeal. Clearly, the DOL is attempting to make this appeal as difficult as possible for Defendants.

On the other hand, this case presents a question of first impression to the Third Circuit regarding the compensability of the travel time to a voluntary second shift by home health aides. Defendants maintain the Court committed other clear errors of law that Defendants request this Court correct. *See* ECF No. 128. Should the Court deny Defendants' Rule 59(e) motion, Defendants intend to appeal on the grounds identified in that motion and others, including the Court granting the full amount of damages in favor the DOL after the Court accepted the DOL's

untrained investigators' damages figures while excluding one of the highest regarded wage and hour experts in the country, Mr. Robert Crandall.

Ripe for appeal are several contested issues that the Third Circuit will address in due time should the Court rule against Defendants' post judgment motions. But presently, having Defendants post a bond of over $7,076,721.44 just to assert their rights is not in the interests of justice. Requiring this significant amount will severely impact Defendants' business whereas the collection process of the judgment after appeal will not be overly complex or take an inordinate amount of time thereby necessitating such a bond, and posting a bond in the amount of the actual back wages is still a significant amount that should be held sufficient to preclude the DOL from executing on the judgment during the appeal.

## III. CONCLUSION

For the reasons stated above and in Defendants' Motion, the Court should enter the proposed order accompanied with Defendants' motion and find that Defendants may post a bond in the amount of $3,538,360.72 to stay the DOL's execution on the judgment until after the appeal.

Respectfully submitted:

                                                        **FOX ROTHSCHILD LLP**

                                                        /s/ *Colin Dougherty*
                                                        Brett A. Berman
                                                        2000 Market Street, 20th Floor
                                                       Philadelphia, PA  19103
                                                        Phone: (215) 299-2000
                                                        Fax: (215) 299-2150
                                                        bberman@foxrothschild.com

                                                        Colin D. Dougherty
                                                        Samuel A. Haaz
                                                        980 Jolly Road
                                                        Suite 110
                                                        Phone: (610) 397-6500

Fax: (610) 397-0450
cdougherty@foxrothschild.com
shaaz@foxrothschild.com

*Attorneys for Defendants,*

*Nursing Home Care Management Inc. d/b/a Prestige Home Care Agency and Alexander Dorfman*

Dated: June 23, 2023

4

146848117.4

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing document to be served via this Court's ECF system on the following:

Sharon McKenna, Esquire
United States Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103

*Attorneys for Plaintiff*

Dated: June 23, 2023

*/s/ Brett A. Berman*_____
Brett A. Berman, Esquire
*Attorney for Defendants*