## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECRETARY OF LABOR MARTIN J. WALSH** | : | **CIVIL ACTION** |
| ***United States Department of Labor***, | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NURSING HOME CARE MANAGEMENT INC., et al.,:** | | |
| ***Defendants.*** | : | **NO.  21-cv-02583** |

### MEMORANDUM

**Kenney, J.**                                                              **June 29, 2023**

Defendants Prestige Home Care Agency ("Prestige") and Alexander Dorfman ("Dorfman"), (together referred to as "Defendants") filed a Motion to Alter or Amend Judgment (ECF No. 128) subsequent to the Court granting Plaintiff's Motion for Summary Judgment in full (ECF No. 124). Plaintiff filed an Opposition to Defendants' Motion to Alter or Amend Judgment (ECF No. 132) to which Defendants replied (ECF No. 135). For the reasons set forth below, Defendants' Motion to Alter or Amend Judgment is denied.

### I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment no later than 28 days after the entry of the judgment. "A judgment may be altered under Rule 59(e) if the party seeking reconsideration shows . . . (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020) (internal quotations omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence

that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotations omitted). Defendants have failed to make the requisite showing under Rule 59(e) as to any of the six aspects of the Court's May 12, 2023 decision and order which they currently raise.

## II.    DISCUSSION

The Court assumes familiarity with the underlying facts of this case concerning the Fair Labor Standards Act ("FLSA") and the Court's thorough analysis of the law in its summary judgment opinion. Therefore, the Court in this memorandum opinion addresses only the specific arguments made by Defendants on the instant motion, many of which the Court has already addressed numerous times throughout the litigation.

### A.    Travel Time

First, Defendants argue that the Court erred in determining that the travel time at issue is compensable, reasoning that there is no record evidence or testimony showing that such travel is "indispensable" to Defendants' employees. ECF No. 128 at 2.

Defendants' argument fails. As an initial matter, Defendants incorrectly state in their opening brief that "Defendants do not concede, nor is there evidence to support, that Prestige home health aide's [*sic*] must travel to multiple work sites in a day." *Id.* at 5. However, as the Court noted in its summary judgment opinion, the parties stipulated that "[s]ome of these home health aide employees travel to more than one client's home between 12:00 a.m. and 11:59 p.m. on the same day" and that "[s]ome of these employees travel from Prestige's office to a client's home at any time between 12:00 a.m. and 11:59 p.m. on the same day." ECF No. 123 at 2 (citing ECF No. 86-3, Concise Statement of Stipulated Material Facts ("CSSMF") ¶¶ 26-27). Defendants in their reply brief seem to backtrack, writing that "[t]hough it may be 'undisputed that Defendants' home

2

health aides who traveled between worksites performed work at each location during the same workday,' Defendants dispute whether such travel was required by, or primarily benefitted Defendants." ECF No. 135 at 5 (citing ECF No. 132 at 6). Defendants appear to continue to rely on the inaccurate premise that employees had large gaps of time between clients—which this Court has already rejected. *See* ECF No. 123 at 15.

As to the employees' travel time being integral to the employees' principal activities, Defendants suggest that the Court did not consider Defendants' briefing and further claim that they cited to "countless examples of binding authority" on this matter. ECF No. 128 at 3 n.2. But in fact, Defendants in their summary judgment papers did not analogize the facts at hand to the facts of *any* Third Circuit case.  Nor did Defendants cite any Supreme Court case with analogous facts wherein the Supreme Court found travel time compensable. Defendants now, in their reply brief to the instant motion, for the first time cite a Third Circuit opinion in arguing that the travel time at issue is not compensable. *See* ECF No. 135 at 3. However, that Third Circuit case, *Smith v. Allegheny Technologies*, is inapposite. In *Smith*, the appellant employees were members of a temporary workforce contracted to operate a facility whose unionized steel workers were locked out. *Smith v. Allegheny Techs., Inc.*, 754 F. App'x 136, 138 (3d Cir. 2018). The appellant employees alleged that their employer violated the FLSA by failing to compensate them for their commute time, including the time it took to cross the picket line to enter the work facility. *Id.* The Third Circuit found that the travel time at issue was not "integral and indispensable" as the commute time was "at least two steps removed" from the employees' task of making steel. *Id.* at 40. This Court has already addressed a similar analysis undertaken by the Supreme Court in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), wherein the Supreme Court found that the time employees spent waiting to put on or take off their protective gear was not compensable under the FLSA

because the time was "two steps removed from the productive activity" of working on the assembly line. *See* ECF No. 123 at 15 (citing *Alvarez*, 546 U.S. at 37). This Court further noted in its summary judgment opinion that the Supreme Court in *Alvarez* found that "the time that the employees spent walking between the changing area and assembly line area was compensable, as the walking occurred after the workday began and before it ended," and that the travel time at issue in the instant case occurs after a workday has begun. ECF No. 123 at 15. As such, this Court concluded that "[t]he travel at issue is not 'two steps removed' from the productive activity of working with Prestige's clients in their homes." *Id.*

Defendants in the instant motion further claim that the Court misapplied case law, including *United Transportation Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109 (10th Cir. 1999), and rely on the opinion of the *dissenting* judge in that case who found that travel time was not compensable. ECF No. 128 at 3 n.2. Defendants also argue that the Court misapplied the Federal Circuit case *Bridges v. United States*, 54 F.4th 703 (Fed. Cir. 2022). *Id.* The Court, in its summary judgment opinion, has already discussed how Defendants' reliance on *Bridges* is misplaced, as driving was not an essential part of the work performed by employee correctional officers. ECF No. 123 at 14. The Court has further discussed at length how the travel time at issue is an "integral and indispensable" part of the principal activities of Prestige's employees, noting that the travel of Prestige's employees is analogous to the compensable travel of the employees in *Albuquerque*. *Id.* at 8-15. In *Albuquerque*, the Tenth Circuit held that the time spent by bus drivers shuttling to and from relief points during the workday, at the beginning and end of their split shift periods, was part of the drivers' principal activity, while the time the bus drivers spent shuttling to and from their first and last bus runs of the day was not compensable. *Id.* at 13.

As such, Defendants have failed to show that the Court made a clear error of law or facts on the issue of travel time.

## B. <u>Recordkeeping</u>

Second, Defendants argue that the Court committed clear error in finding that Prestige committed a recordkeeping violation. ECF No. 128 at 5. Defendants continue to assert that the travel time at issue is not compensable and, therefore, Defendants were not required to keep track of their employees' travel time. *Id.* at 6.

Defendants' argument fails because, as discussed, travel time is compensable. Section 11(c) of the FLSA requires an employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time." 29 U.S.C. § 211(c). These records must include the hours worked each day, and the total hours worked each week. 29 C.F.R. § 516.2. Defendants now argue that Prestige maintained "detailed records" (ECF No. 128 at 7) even though Defendant Dorfman admitted that Prestige did not keep records of the time employees spent traveling between Prestige's clients on the same day, or between Prestige's office and Prestige's clients on the same day (ECF No. 86-3, CSSMF ¶¶ 29, 31).

Defendants misleadingly claim in their instant motion that, according to ECF No. 123, Ex. B ¶ 40 (a screenshot of the Department of Labor's website), it is Plaintiff's position that an estimated portion of travel between shifts is acceptable where an employee is completely relieved of duty for long enough to use the time effectively for her own purposes. ECF No. 128 at 6. However, the paragraph Defendants cite to does not support that proposition; the paragraph instead states that if an employee does not travel directly between two worksites, then only the time necessary to make the trip between the two worksites must be paid. Plaintiff has held the position

that an estimation of compensable travel time by *Plaintiff* is appropriate given Plaintiff's reduced burden of proving damages in light of Defendants' failure to maintain adequate employer records. *See* ECF No. 132 at 11 n.5. Because Defendants did not keep records of compensable work time, Defendants thereby committed a recordkeeping violation.

Defendants have failed to show that the Court made a clear error of law or facts on the issue of recordkeeping.

### C. <u>Willfulness</u>

Third, Defendants argue that the Court committed clear error by concluding that Defendants' failure to pay compensable travel time was a willful violation of the FLSA. ECF No. 128 at 7. Defendants point to the fact that the Compliance Guide provided by the Department of Labor did not mention travel time and argue that there is a "dearth" of binding case law determining that the travel time at issue is compensable. *Id.*

Defendants' argument fails because, as the Court has previously discussed, an employer willfully violates the FLSA if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The FLSA states that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 785.38. Defendants knew that their employees traveled between clients' homes on the same day, or between Prestige's office and clients' home on the same day. ECF No. 86-3, CSSMF ¶¶ 26-27. Defendants failed to seek the advice of the Department of Labor, any other governmental or regulatory body, accountant, or outside guidance to determine whether the practices of Prestige, an enterprise governed by the FLSA, complied with the FLSA. ECF No. 86-3, CSSMF ¶ 34. Defendants failed to even maintain records of travel time *during this litigation*,

when it was apparent that the Court could hold that such time was compensable—in reckless disregard for whether its conduct was prohibited. As such, Defendants have failed to show that the Court made a clear error of law or facts on the issue of willfulness.

### D.  Damages Generally

Fourth, Defendants argue that the Court committed clear error by entering summary judgment on damages. Defendants argue that they submitted (1) evidence of the precise amount of work performed and (2) evidence to negate the reasonableness of the inferences drawn by the Department of Labor. ECF No. 128 at 8.

Defendants' argument fails in light of the Court's exclusion of the report of Robert Crandall, Defendants' damages expert. The Court excluded Mr. Crandall's report as the opinions contained within were unreliable and prejudicial, having been based on unfounded methodologies and legal conclusions. *See* ECF No. 110.[1] With this report excluded, there is no evidence submitted by Defendants showing evidence of the precise amount of work performed or evidence to negate the reasonableness of inferences drawn by the Department of Labor.

As such, Defendants have failed to show that the Court made a clear error of law or facts regarding its decision on damages.

---

[1] In excluding the report, the Court reasoned that Mr. Crandall improperly assumed that travel time is "non-work," and that "non-working time should be paid at minimum wage," without citing any academic, scientific, or economic principle to support this calculation of the wages of home health aides whose positions are designed to take place in individually located homes. *Id.* In a Motion for Reconsideration, Defendants argued in part that Mr. Crandall's calculations using minimum wage for unpaid non-overtime hours was an "alternative calculation" that did not violate the FLSA. ECF No. 112. In denying the Motion for Reconsideration, the Court reasoned that Mr. Crandall's computations of overtime damages using a weighted average of the minimum wage and the employees' actual payrate, instead of using only the actual payrate as required by the FLSA, was prejudicial. ECF No. 119. Mr. Crandall further improperly speculated as to what Defendants would have paid their employees had Defendants paid for travel time, assuming that all Prestige employees would have accepted a position for which they would be paid only at minimum wage for such time. *Id.*

### E.  Liquidated Damages

Fifth, Defendants argue that the Court committed clear error by granting liquidated damages for travel time back pay. Defendants argue that "the Court's characterization of compensable travel as a 'bright-line rule' is a gross mischaracterization of the nuanced legal issue of what travel is truly 'indispensable' to, or part of an employee's principal activities." ECF No. 128 at 10.

Defendants' argument fails because the "bright line rule" referenced by the Court is the continuous workday doctrine at §29 C.F.R. 785.38 which clearly states that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." Here, as discussed, the employees traveled as part of their principal activity and therefore the travel time constitutes time worked. As such, Defendants have failed to show that the Court made a clear error of law or facts as to liquidated damages.

### F.  Injunctive Relief

Sixth, Defendants argue that the Court's Order for injunctive relief is vague and leaves Defendants with insufficient notice of the restrained or required acts relating to travel time. ECF No. 128 at 11. Defendants argue that Plaintiff's proposed order adopted by the Court is an "obey the law" injunction that "runs afoul of Third Circuit precedent and Rule 65 of the Federal Rules of Civil Procedure." *Id.* Defendants further argue that the Court should amend its order to provide fair notice of (1) what is restrained or required for payment of employee travel; and (2) what is required regarding recordkeeping of compensable travel. *Id.* at 13-15.

The Court's Order for injunctive relief is proper. Defendants' argument that the Order "runs afoul of Third Circuit precedent and Rule 65 of the Federal Rules of Civil Procedure" fails

because the Third Circuit has not held that all "obey the law" injunctions are inappropriate. In *Securities & Exchange Commission v. Gentile*, a case relied on by Defendants, the Third Circuit noted that "the appropriate scope of an injunction against further lawbreaking depends on the facts and circumstances of each case. Courts should make this determination on a developed record, assuming the plaintiff has stated a plausible claim for relief." 939 F.3d 549, 564 (3d Cir. 2019) (internal quotations and citations omitted). The Third Circuit in *Gentile* noted that though the Circuit had struck overbroad language enjoining parties to obey the law, as in *Belitskus v. Pizzingrilli*, 343 F.3d 632, 650 (3d Cir. 2003), "ultimately, the district courts are invested with discretion to model their orders to fit the exigencies of the particular case." *Id.* (internal quotations omitted).

The Court's Order meets the requirements of Rule 65(d)(1) that an injunction must: (1) state the reasons why it issued; (2) state its terms specifically; and (3) describe in reasonable detail the act(s) restrained or required. As to the reason for the injunction, the Court's Order states that "Defendants' violations warrant permanent injunctive relief against future violations of the FLSA." ECF No. 124 at 2. As to the terms and details of the acts restrained, the Order states that Defendants are enjoined from (1) employing employees for workweeks longer than the hours applicable under Sections 7 and 15(a)(2) of the FLSA without compensating the employees in excess of the prescribed hours at a rate of at least one and one-half time the employees' regular rates; and (2) failing to make, keep, and preserve adequate employee records as prescribed by the Regulations found at 29 C.F.R. Part 516, issued pursuant to Sections 11(c) and 15(a)(5) of the FLSA.

Much like the Order in this case, the order in *Walsh v. Fusion Japanese Steakhouse* permanently enjoined Defendant employer from violating the overtime and recordkeeping

provisions of the FLSA.[2] The court in *Fusion Japanese Steakhouse*, like the Court here, found that the Defendant employer violated the overtime and recordkeeping provisions of the FLSA, that the violations were willful, and that the Plaintiff Secretary of the Department of Labor was entitled to liquidated damages. *See Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513 (W.D. Pa. 2021).

As to Defendants' claims that this Court's injunction is too vague, and, for example, does not provide "any guidance regarding how an employer may challenge an employee's claimed travel time while complying with the FLSA," (*see* ECF No. 128 at 15) it is not the role of the Court to explain to a company how to comply with the law. The Court's Order sufficiently states the requisite terms. As such, Defendants fail to meet the Rule 59(e) standard, as to injunctive relief, of showing either (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

---

[2] The court's order regarding the injunction stated:

All Defendants are hereby permanently enjoined from further violating the FLSA as follows:

(a) Defendants shall not, contrary to 29 U.S.C. § 207, employ any of their employees, including but not limited to, any of their employees working at any business location owned, operated, and/or controlled by a Defendant, and at any other business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under 29 U.S.C. §§ 207 and 215(a)(2), unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them; and

b. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at any business location owned, operated, and/or controlled by any Defendant, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) found at 29 C.F.R. Part. 516.

Summary Judgment Order dated July 12, 2021, *Walsh v. Japanese Fusion, Inc.*, 548 F. Supp. 3d 513 (W.D. Pa. 2021) (No. 19-cv-496).

### III.   <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Alter or Amend Judgment is denied.

An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____

**CHAD F. KENNEY, JUDGE**